IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE WHALEY, ID # 645333, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | No. 3:16-CV-3281-C (BH) |
| COURT OF CRIMINAL APPEALS, et al., Defendants. | ) ) ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management, including findings, conclusions, and recommendation. Before the Court is the plaintiff's *Motion for Personal Recognition Bond*, received on August 3, 2017 (doc. 13). Based on the relevant filings and applicable law, the motion should be denied, and the case should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Michael Dewayne Whaley (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice Telford Unit, sues the Texas Court of Criminal Appeals (Court), the Texas Board of Pardons and Paroles (BPP), the Judge of the 282nd Judicial District Court of Dallas County (Judge), Brook A. Busbee (Attorney), and the Criminal District Attorney of Dallas County (DA) (Defendants) under 42 U.S.C. § 1983. He sues Defendants based on their roles in the prosecution, conviction, appellate review, and incarceration regarding Cause Numbers 91-45041, 92-36477, 92-36482, and 93-01488 in which he was convicted on June 9, 1993. (*See* docs. 2 at 3-4, 15 at 1.) He claims that the Court ignored his "no evidence" allegations; BPP is allowing his illegal imprisonment; the Judge rendered an illegal judgment because there was no evidence to support the convictions; Attorney rendered ineffective assistance by failing to investigate the exhibits and

evidence; and the DA proceeded on no evidence. (*See* doc. 2 at 3-4.) He seeks to have the convictions reversed and exoneration. (*See id*. at 4.). No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the ADOBE Treatment Center who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state

a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## A. Habeas Relief

Plaintiff's complaint challenges his state criminal convictions and seeks release from imprisonment. His motion for release on bond essentially seeks the same relief as the complaint. Release is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a cause of action upon which relief may be granted on his claim for release in either his motion for a bond or in his complaint.[1]

## B. *Heck* Bar

Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, *Heck v. Humphrey* provides that the complaint must be dismissed unless the plaintiff

---

[1] The complaint is not construed as a petition for a writ of habeas corpus because the plaintiff clearly filed this as a § 1983 action. He has previously challenged his convictions through several federal petitions for writ of habeas corpus. *See Whaley v. Stephens*, No. 3:14-CV-803-P, dkt. 10 (N.D. Tex. May 21, 2014) (denying leave to file federal habeas petition). The Fifth Circuit has sanctioned him $150 and barred him from filing, in any court subject to the Fifth Circuit's jurisdiction, "any challenge to his conviction or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).

3

demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Plaintiff's claims challenge the validity of his state court convictions and are barred under *Heck*. He has not demonstrated that his allegedly improper convictions and incarceration have been reversed, invalidated, or expunged prior to bringing this action under § 1983. His claims under § 1983 are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Balisok*, 520 U.S. at 649. *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

## C. Claim Against Attorney

Plaintiff also sues Attorney, who represented him in the state criminal proceeding.

It is well-established that an attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys,

4

are not official state actors, and generally are not subject to suit under section 1983"). A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Here, Plaintiff has not alleged that Attorney was acting as a state actor; he only complains about the handling of his criminal case. He has failed to state a viable, non-frivolous § 1983 claim, and the claims against his attorney should be dismissed with prejudice, notwithstanding the *Heck* bar. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

## IV. RECOMMENDATION

The Court should **DISMISS** with prejudice the claim against Brook A. Busbee as frivolous under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) and **DISMISS** the remaining claims with prejudice as frivolous under § 1915A(b) and § 1915(e)(2)(B) until the plaintiff satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). It should also deny the motion for a bond. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 17th day of August, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE