# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY, ID # 645333, Plaintiff, | ) ) ) |
| vs. | ) No. 3:16-CV-3281-C (BH) ) |
| COURT OF CRIMINAL APPEALS, et al., Defendants. | ) ) ) Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the plaintiff's post-judgment *Emergency Injunction*, received on November 28, 2017 (doc. 27). Based on the relevant filings and applicable law, the motion should be construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

## I. BACKGROUND

The plaintiff filed a complaint under 42 U.S.C. § 1983 against the defendants based on their roles in the prosecution, conviction, appellate review, and incarceration regarding his June 9, 1993 convictions in Cause Numbers 91-45041, 92-36477, 92-36482, and 93-01488. (*See* docs. 2 at 3-4, 15 at 1.) It was dismissed as frivolous on September 5, 2017. (*See* docs. 19, 20.) His appeal was dismissed by the Fifth Circuit Court of Appeals for failure to pay the filing fee. (Doc. 24); *Whaley v. Court of Criminal Appeals*, No. 17-11013 (5th Cir. Nov. 1, 2017).

Although the relief he seeks in his post-judgment motion is not clear, he specifically asks that the docket in this case be reviewed and asserts that his claims are not frivolous.

## II. RULE 60(b)

The plaintiff's post-judgment motion may be liberally construed as seeking relief from judgment under Rule 60(b).[1] Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

Here, the plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated; or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). Rule 60(b)(6) is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under

---

[1] The plaintiff appears to partially challenge his conviction, but like his complaint, the post-judgment motion is not construed as a petition for a writ of habeas corpus because he clearly filed this case as a § 1983 action. He has previously challenged his convictions through several federal petitions for writ of habeas corpus. *See Whaley v. Stephens*, No. 3:14-CV-803-P, dkt. 10 (N.D. Tex. May 21, 2014) (denying leave to file federal habeas petition). The Fifth Circuit has sanctioned him $150 and barred him from filing, in any court subject to the Fifth Circuit's jurisdiction, "any challenge to his conviction or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).

this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating a motion under Rule 60(b)(6): 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, the plaintiff's case was dismissed as frivolous. He had the opportunity to present his claims and to appeal the judgment, but he failed to pay the filing fee. He has not alleged, much less shown, exceptional or extraordinary circumstances such that denial of his Rule 60(b) motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions).

### III.  RECOMMENDATION

The plaintiff's post-judgment motion (doc. 27) should be liberally construed as a Rule 60(b) motion, and it should be **DENIED**.

**SIGNED this 30th day of November, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE