IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY, ID # 645333, Plaintiff, vs. COURT OF CRIMINAL APPEALS, et al., Defendants. | No. 3:16-CV-3281-C (BH) Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

By *Special Order 3-251*, this pro se prisoner case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the plaintiff's post-judgment *Motion for Released [sic] on Parole,* received on January 11, 2018 (doc. 31). Based on the relevant filings and applicable law, the filing should be construed as a new habeas petition under 28 U.S.C. § 2254, opened as a new case, and administratively closed.

### I. BACKGROUND

The plaintiff filed a complaint under 42 U.S.C. § 1983 against the defendants based on their roles in the prosecution, conviction, appellate review, and incarceration regarding his June 9, 1993 convictions in Cause Numbers 91-45041, 92-36477, 92-36482, and 93-01488. (*See* docs. 2 at 3-4, 15 at 1.) It was dismissed as frivolous on September 5, 2017. (*See* docs. 19, 20.) His appeal was dismissed by the Fifth Circuit Court of Appeals for failure to pay the filing fee. (*See* doc. 24); *Whaley v. Court of Criminal Appeals*, No. 17-11013 (5th Cir. Nov. 1, 2017). His motion for relief from judgment under Fed. R. Civ. P. 60(b) was denied on December 19, 2017. (*See* doc. 30.) His new filing contends that there was no evidence to support his convictions, asks that the state court judgments be set aside, and seeks his release pending an evidentiary hearing. (*See* doc. 31 at 1, 3.)

## II. NATURE OF SUIT

Because the plaintiff's filing expressly challenges his state confinement, it is properly construed as a habeas petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (a prisoner seeking to challenge the fact or duration of confinement may only do so within the exclusive scope of habeas corpus). The filing should be opened as a new habeas case.

## III. PRIOR SANCTIONS ORDER

The plaintiff/petitioner, a state inmate of the Texas Department of Criminal Justice (TDCJ), is a vexatious litigant who has filed numerous cases in this Court and in the Fifth Circuit challenging his 1993 state convictions, even after being warned that he could be subject to sanctions if he continued to file either successive habeas petitions in federal district court or frivolous motions for authorization to file a successive habeas petition in the Fifth Circuit. *See In re Whaley*, No. 07-10495 (5th Cir. July 11, 2007); *Whaley v. Quarterman*, No. 3:09-CV-888-B (N.D. Tex. June 2, 2009). As a result, the Fifth Circuit has sanctioned him $150 and barred him from filing, in any court subject to the Fifth Circuit's jurisdiction, "any challenge to his conviction or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011); *see Whaley v. Stephens*, No. 3:14-CV-803-P (N.D. Tex. May 21, 2014) (denying leave to file federal habeas petition based on Fifth Circuit's sanctions order).

This Court enforces sanctions imposed by the Fifth Circuit Court of Appeals. *Spearman v. Fulbruge*, No. 3:07-CV-1945-B-BH, 2008 WL 89515, at *2 (N.D. Tex. Jan. 7, 2008) (accepting recommendation of Mag. J.). The petitioner has not provided any proof that he has paid the $150 monetary sanction, and he has not sought leave of this Court to file another habeas petition

challenging his state convictions. Accordingly, the Clerk's Office should file a copy of the Fifth Circuit sanction order in No. 11-10180 in the new habeas case and administratively close it for failure to comply with that order.

## IV.  RECOMMENDATION

The post-judgment motion (doc. 31) should be construed as a new 28 U.S.C. § 2254 habeas petition, and the Clerk of Court should be **DIRECTED** to: (1) terminate the motion in this civil rights case; (2) open a new habeas case for administrative purposes only; (3) docket the motion in that new case as a § 2254 petition filed on January 11, 2018; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file in the new case a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge, any order accepting these Findings, Conclusions, and Recommendation, and a copy of the Fifth Circuit's sanctions order in No. 11-10180; and (6) **ADMINISTRATIVELY CLOSE** the new case for failure to comply with the sanctions order.

**SIGNED this 17th day of January, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE