IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE WHALEY, | ) | |
| ID # 645333, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-3281-C (BH) |
| | ) | No. 3:18-CV-144-C (BH) |
| | ) | |
| COURT OF CRIMINAL APPEALS, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

By *Special Order No. 3-251*, this case has been automatically referred for findings and

recommendation. Before the Court is the plaintiff's post-judgment *Motion for Administratively*

*Close Relief*, received on March 19, 2018 (doc. 38). Based on the relevant filings and applicable

law, the motion should be construed as seeking relief under Fed. R. Civ. P. 60(b) in the plaintiff's

habeas case (No. 3:18-CV-144-C), terminated in this civil rights case, docketed in the habeas case,

and denied.

## I. BACKGROUND

The plaintiff filed this civil action under 42 U.S.C. § 1983 against several defendants based

on their roles in his prosecution, conviction, appellate review, and incarceration in Cause Numbers

91-45041, 92-36477, 92-36482, and 93-01488. (*See* docs. 2 at 3-4, 15 at 1.) His claims were

dismissed by judgment dated September 5, 2017. (*See* doc. 20.) He subsequently filed a post-

judgment motion for release that was construed as a petition for writ of habeas corpus under 28

U.S.C. § 2254. A new habeas case was opened (No. 3:18-CV-144-C), and it was administratively

closed based on an order from the Fifth Circuit Court of Appeals that sanctioned him $150 and

barred him from filing, in any court subject to the Fifth Circuit's jurisdiction, "any challenge to his

conviction or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).  (*See* docs. 31, 32, 33.)

The plaintiff's post-judgment motion asserts that he complied with the sanctions order and seeks relief from the order administratively closing his habeas case.  As proof, he includes a handwritten, unsigned, non-certified document from the Texas Department of Criminal Justice (TDCJ), which states that a $150 check to the Fifth Circuit was cashed on May 18, 2015.  (*See* doc. 38 at 6.)  Because the motion addresses the disposition of the plaintiff's habeas case, it should be construed as seeking relief under Fed. R. Civ. P. 60(b) in that case (No. 3:18-CV-144-C), docketed in that case, and terminated in this civil rights case.

## II.  RULE 60(b)

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

Here, the plaintiff's motion alleges that he paid the $150 sanction.  It is not clear that the handwritten, unsigned, non-certified document was actually issued by TDCJ, or that any $150 check to the Fifth Circuit was applied to the sanction.  (*See* doc. 38 at 6.)  He has not submitted anything

from the Fifth Circuit showing that the sanction has been satisfied.[1]  He has not shown that he is

entitled to relief from the order of administrative closure in the habeas case.

## III.  RECOMMENDATION

The plaintiff's post-judgment motion (doc. 38) should be liberally construed as a Rule 60(b)

motion in the habeas case, the Clerk of Court should be **DIRECTED** to terminate it in this civil

rights case and docket it in the habeas case (3:18-CV-144-C), and the motion should then be

**DENIED**.

**SIGNED this 23rd day of March, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  According to the Fifth Circuit, its records do not show that the sanction has been paid.